SCHOTT, Chief Judge.
Plaintiff is the beneficiary on a life insurance policy issued to his wife by the defendant. The trial court dismissed his claim for the policy proceeds on a motion for summary judgment, and he has appealed. The only issue is whether there are genuine issues of material fact which precluded the grant of summary judgment.
Plaintiff’s wife, Marijene Davila, was an employee of Southern Baptist Hospital in the summer of 1989 when defendant and the hospital developed a group life insurance plan for hospital employees. On July 25, 1989, Mrs. Davila applied for coverage in the amount of $25,000. Her application was approved and coverage was to become effective on November 1, 1989, the first day when payroll deductions were to be made for premiums. In August 1989, Mrs. Davila began to experience chest pains and was diagnosed with cancer of the esophagus in September. She was hospitalized at various times until her death on May 15, 1990. Defendant rejected plaintiff's claim on the basis of a provision in the policy entitled “Employee Eligibility”:
ACTIVELY AT WORK REQUIREMENT
You must be actively at work in an eligible class on the date your insurance is to take effect. If you are not such insurance will take effect on the day you resume such work.
In this court plaintiff argues, as he did in the trial court, that there are genuine issues of material fact so that defendant is not entitled to a summary judgment. He contends that these factual issues are material to the questions of whether Mrs. Davila was “actively at work” when the policy was issued and whether defendant is estopped from denying coverage because of negligent misrepresentations on the part of its agents who sold the policy to Mrs. Davila and her reliance on these misrepresentations to her detriment.
An affidavit by a co-worker of Mrs. Davi-la recites that part of Mrs. Davila’s job as a Clinical Nurse II in the Neo-natal Intensive Care Unit required her participation in the committee structure at the hospital and that before- and after November 1, 1989, she participated in the work of a committee. The affidavit also recites that around Christmas 1989 Mrs. Davila came to the Unit and said she was feeling better and wanted to return to work; that they discussed this possibility; that she appeared well enough to return, but she deferred her decision until after the holidays. This affidavit also recites that the affiant attended several meetings in the summer of 1989 with other employees when defendant’s agents discussed the proposed insurance and recalled nothing being said at these meetings that an employee had to be actively at work for the policy to become effective.
An affidavit by Mrs. Davila’s physician states that between August 19, 1989 and May 15, 1990, when she died, there were periods when she was doing well enough to return to work, and she was showing evidence of responsiveness to treatment with almost complete resolution of symptoms.
*493 In an affidavit plaintiff stated that he was married to Mrs. Davila from June 8, 1952 until her death; she was employed by the hospital for 27 years; in the summer of 1989 she informed him about the availability of the insurance coverage and she applied; at this time neither of them had any idea she was seriously ill; while she was hospitalized in Southern Baptist Hospital she received her policy and gave it to him stating she was happy to have gotten something after years of service at the hospital; following her diagnosis with cancer in September 1989, she had periods of remission where she was healthy enough to travel and return to work including periods in December 1989 and February 1990; she talked of returning to work and would have done so had she known the policy required it in order to activate the $25,000 insurance policy.
On August 14, 1989, an underwriter employed by the defendant sent a letter to Peggy Parker, the administrator of the policy for the hospital, confirming that some applications had already been processed and stating that the first day of coverage was the first day of the month when payroll deductions were made. A newsletter from the hospital to its employees issued in October advised them the term insurance coverage would become effective on November 1, 1989. Defendant concedes that premiums were deducted from Mrs. Davi-la’s payroll check, but they were later refunded to her.
The foregoing demonstrates the existence of a number of factual issues. Even though she was seriously ill, Mrs. Davila returned to the hospital and did some work in connection with a hospital committee. The issue is whether this could qualify her as actively at work as intended by and understood from the policy. There is an issue as to whether defendant’s agents misled Mrs. Davila by failing to inform her of the “actively at work” requirement so that she should have known about it before the policy was delivered to her. The affidavit of Mrs. Davila’s coworker says that nothing was ever said about it by defendant’s agents at the meetings leading up to the adoption of the insurance plan.
Defendant argues that its delivery of the policy to Mrs. Davila enabled her to see the “actively at work” requirement for herself and eliminated her arguments about misrepresentations made during the summer. Plaintiff’s affidavit establishes that the policy was delivered to her while she was a patient in the hospital. Whether she was able to read the policy at that time or whether she was then or later on constructive notice that she had to be “actively at work” in order to be covered notwithstanding defendant’s alleged previous misrepresentations are issues to be decided.
The policy provides that coverage would extend to Mrs. Davila on the day she would resume active work. The affidavits of her husband (plaintiff), her physician, and her co-worker establish that she could have resumed work. Surely had she known about this policy provision she would have resumed work for a day or so and defendant would have no basis on which to contest coverage. Because Mrs. Davila clearly had this option and surely would have exercised it had she known about this technicality in the policy, defendant’s underwriters had to anticipate that the company would have to absorb a claim like plaintiff’s when they formulated the rate structure. It would be a windfall for defendant to avoid payment of this claim because Mrs. Davila failed to exercise the simple expedient of resuming work when she was able to do so.
Accordingly, the judgment appealed from is reversed and set aside and there is judgment in favor of plaintiff and against defendant overruling its motion for summary judgment. The case is remanded to the trial court for further proceedings. All costs of this appeal are assessed against defendant.
REVERSED AND REMANDED.
LANDRIEU, J., respectfully dissents.